**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TRUSTEES OF THE EMPIRE STATE
CARPENTERS WELFARE, PENSION
ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR                              **MEMORANDUM OF**
MANAGEMENT COOPERATION AND                           **DECISION AND ORDER**
SCHOLARSHIP FUNDS,                                   11-cv-4742 (ADS)(GRB)
                    Plaintiff,

          -against-

JCMI, Inc.

                    Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Levy Ratner P.C.**
*Attorneys for the Plaintiff*
80 Eighth Avenue
8th Floor
New York, NY 10011-5126
    By:    Owen M. Rumelt, Esq., Of Counsel

**NO APPERANCE:**

JCMI, Inc.

**SPATT, District Judge.**

      The Plaintiff commenced this action on or about September 28, 2011, asserting claims for damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185.  The Clerk of the Court noted the default of the Defendant JCMI, Inc. on February 21, 2012, and the Plaintiff moved for a default judgment against the Defendant on March 30, 2012.  At that time, the Court referred the motion for default judgment to United States Magistrate Judge Gary R. Brown.

However, on April 30, 2012, the Defendant JCMI Inc. filed an answer to the complaint through its owner, James Cronin. The Court thereafter informed the Defendant that in order for the matter to proceed on the merits, it would need to file a motion to vacate the default entry or oppose the motion for a default judgment. In addition, because the Defendant is a corporation and not an individual, the Court also informed Mr. Cronin that he would need to obtain counsel within 30 days in order to properly file a motion to vacate the entry of default. See Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (noting that 28 U.S.C. § 1654 does not permit "unlicensed laymen to represent anyone else other than themselves."); Dow Chern. Pac. Ltd. v. Rascator Maritime. S.A., 782 F.2d 329, 336 (2d Cir. 1986).

On June 23, 2012, Mr. Cronin wrote to the Court to explain that he could not afford an attorney to represent his company. In addition, Mr. Cronin questioned "how these people, the Plaintiff (Trustees) are allowed to just place a monetary judgment against me and pull a figure out of mid air, assuming that I have cheated them when I have had no work is a travesty [sic]." Mr. Cronin also stated that he had paid all benefits to his employees and would continue to do so.

Therefore, at this time, the Court *sua sponte* appoints Clifford P. Chaiet of Nanezz, Chaiet & Naness, 375 North Broadway, Suite 202, Jericho, NY 11753, (516) 827-4300, to serve as pro bono counsel for the limited purpose of consulting with James Cronin, the owner of the Defendant JCMI, Inc. Mr. Cronin is directed to contact Mr. Chaiet within ten days of the date of this Order if he wishes to pursue the motion to vacate the entry of default. If Mr. Cronin does initiate contact, Mr. Chaiet should then report to the Court within thirty days of the date of this Order as to whether Mr. Cronin continues to seek to vacate the entry of default. Alternatively, if Mr. Cronin does not initiate contact with Mr. Chaiet, the Court requests Mr. Chaiet to notify it of

such as soon as practicable, so that the Plaintiff may proceed with its motion for default judgment.

**SO ORDERED.**

Dated: Central Islip, New York
June 27, 2012

                                                                             */s/ Arthur D. Spatt*
                                                                               ARTHUR D. SPATT
                                                                  United States District Judge